IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER, *et al.* | : | |

**DEFENDANTS' JOINT MOTION TO RECONSIDER EXCLUSION OF CERTAIN TESTIMONY OF MARK ELLIOTT OR, IN THE ALTERNATIVE, TO STRIKE EQUIVALTENT TESTIMONY OF FRANCIS SHERMAN AND DAVID BRENTS**

Defendants Nigel Potter, Daniel Bucci and Lincoln Park jointly move that this Court reconsider its ruling that Mark Elliott cannot testify concerning what he recalls Nigel Potter saying at the October 11, 2000 Wembley plc Board meeting, or at the January 24, 2001 Wembley USA meeting, unless he can remember Mr. Potter's exact words, even after he has testified that he does recall what Mr. Potter said.

In the alternative, they move to strike the following testimony of Francis (Skip) Sherman and David Brents on the ground that it purports to state what someone else said without stating the actual words that the person allegedly used:

Tr. July 20, 2005 at 42
Tr. July 20, 2005 at 75
Tr. July 22, 2005 at 138
Tr. July 22, 2005 at 140
Tr. July 22, 2005 at 141

(Copies attached to accompanying memorandum).

Defendants make this motion in order to level the playing field through the even-handed application of the Rules of Evidence and to permit the jury to consider all relevant evidence,

thereby to ensure that defendants receive a fair trial and due process as required under U.S.Const. Amends. V, VI.

The grounds for this motion are stated more fully in the accompanying memorandum of law, which defendants incorporate herein by reference.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I certify that on the 1st day of August, 2005 I caused a copy of this document to be hand-delivered, at the federal District Court in Worcester, Massachusetts, to Craig N. Moore and Lee H. Vilker, Assistant United States Attorneys, The Fleet Center, 50 Kennedy Plaza, 8th Fl., Providence, RI 02903.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER, *et al.* | : | |

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION TO RECONSIDER EXCLUSION OF CERTAIN TESTIMONY OF MARK ELLIOTT OR, IN THE ALTERNATIVE, TO STRIKE EQUIVALTENT TESTIMONY OF FRANCIS SHERMAN AND DAVID BRENTS**

Defendants Nigel Potter, Daniel Bucci and Lincoln Park jointly move that this Court reconsider its ruling that Mark Elliott cannot testify concerning what he recalls Nigel Potter saying at the October 11, 2000 Wembley plc Board meeting, or at the January 24, 2001 Wembley USA meeting, unless he can remember Mr. Potter's exact words. As a result of these rulings, Mr. Elliott was unable to offer his recollections concerning what Mr. Potter said, even after he stated explicitly that he did recall what Mr. Potter had said at each of these meetings. Tr. 7/29/05 at 25-26, 72-73, 110 (attached). For example, although Mr. Elliott answered "yes" when asked whether he recalled what Mr. Potter said at the January 24, 2001 Wembley USA meeting, he was instructed that he was being asked for "exact words." Tr. 7/29 at 72-73. An objection was sustained when he began his answer with the words "[Mr. Potter] mentioned …" *Id.* Instructed not to embellish or guess, he answered: "I don't remember the specific words that he said." *Id.*

Defendants are aware of no rule of evidence that requires witnesses to recall exact words as a precondition for testifying concerning such a recollection. In a case such as this, tried four years after the fact, no witness is likely to remember anyone's exact words.

The government offered numerous explicitly inexact recollections by Mssrs. Sherman and Brents. For example, the government asked Mr. Sherman "What, if anything did [Mr. Potter] say [at the October Wembley USA meeting]?" Tr. 7/20 at 42 (attached). Mr. Sherman replied: "I don't know his exact words. He asked for an explanation." *Id.*

Later, Mr. Sherman testified: "Mr. Potter *basically* said that's how it was going to be." Tr. 7/20 at 75 (emphasis supplied)(attached). Mr. Brents told the jury that Mr. Bucci "expressed the need to take care of Mr. McKinnon" and that he "articulated the need to pay McKinnon." Tr. 7/22 at 138, 140 (attached). He admitted, "I don't recall a specific phrase, per se" that Mr. Bucci used. Tr. 7/12 at 138. He testified that "Mr. Potter had suggested that ..." *Id.* at 141. None of these statements is a report of exact words.

Defendants do not believe that exact words are required. If, however, the law of this case is that exact words are required, defendants request that all parties play by the same rules. Defendants ask that this Court level the playing field either by permitting the defense the same opportunity the government took to offer recollections that are not word-for-word exact, or, in the alternative, by striking the equivalent testimony of Mr. Sherman and Mr. Brents.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903

Respectfully submitted,
DANIEL BUCCI
By his Attorney,

ANTHONY M. TRAINI (#4793)
56 Pine Street
Providence, RI 02903

Respectfully submitted,
LINCOLN PARK, INC.
By its Attorneys,

JOHN A. TARANTINO (#2586)
PATRICIA K. ROCHA (#2793)
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I certify that on the 1st day of August, 2005 I caused a copy of this document to be hand-delivered, at the federal District Court in Worcester, Massachusetts, to Craig N. Moore and Lee H. Vilker, Assistant United States Attorneys, The Fleet Center, 50 Kennedy Plaza, 8th Fl., Providence, RI 02903.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * *     C.R. NO. 03-081ML
*
UNITED STATES OF AMERICA *
*
VS. *     JULY 20, 2005
*     9:00 A.M.
NIGEL POTTER, ET AL *
*
* * * * * * * * * * * * * * * * *     PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Jury Trial)

APPEARANCES:

FOR THE GOVERNMENT: CRAIG N. MOORE, ESQ.
LEE H. VILKER, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT,
NIGEL POTTER: C. LEONARD O'BRIEN, ESQ.
101 Dyer Street
Providence, RI 02903

FOR THE DEFENDANT,
DANIEL BUCCI: ANTHONY M. TRAINI, ESQ.
56 Pine Street
Providence, RI 02903

FOR THE DEFENDANT,
BURRILLVILLE: JOHN A. TARANTINO, ESQ.
PATRICIA ROCHA, ESQ.
Adler, Pollock & Sheehan, Inc.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Court Reporter: Karen M. Zinni, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

A. Yes.

Q. When you said that, Mr. Potter was present, yes?

A. Yes.

Q. What, if anything, did he say?

MR. TRAINI: Objection.

MR. TARANTINO: Objection.

THE COURT: Overruled.

A. I don't know his exact words. He asked for an explanation.

MR. O'BRIEN: Objection, your Honor. I'll withdraw my objection.

Q. I'm sorry, could you repeat the answer, sir?

A. I don't remember his exact words. He just asked for an explanation as to why.

Q. And did you explain it to him?

A. Yes.

Q. What did you say?

MR. O'BRIEN: Objection, your Honor.

THE COURT: Basis?

MR. O'BRIEN: I have filed a memorandum with the Court indicating that this runs into 701 problems and 401, 403.

THE COURT: Overruled.

MR. TARANTINO: Your Honor, I object on the ground of hearsay against my client.

need to file it in the record of the case.

MR. O'BRIEN: I believe it was part of the instruction, your Honor, the Court referred to earlier. I believe it has been filed, and I'd like to be heard at the side to clear this up because I do --

THE COURT: We'll take it up this afternoon.

MR. O'BRIEN: Thank you.

Q. When you said that, what, if anything, did Mr. Potter say in response?

MR. TRAINI: Objection, your Honor, *Petrozziello* and also 403 on the ground which is not present, your Honor.

MR. TARANTINO: I have the same objection.

THE COURT: Overruled.

A. Yes, what my objection was.

Q. Did you tell him?

A. Yes. I asked him for the details of what the amendment was for, and he explained to me what the details of the agreement with Mr. McKinnon were.

Q. And when you indicated that you were opposed to it, what, if anything, did he say?

MR. TRAINI: Objection, your Honor, same, *Petrozziello* and 403.

THE COURT: Overruled.

A. He basically said that's how it was going to be.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * * * | C.R. NO. 03-081ML |
| UNITED STATES OF AMERICA * | |
| VS. * | JULY 22, 2005<br>9:00 A.M. |
| NIGEL POTTER, ET AL * | |
| * * * * * * * * * * * * * * * * | PROVIDENCE, RI |

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Jury Trial)

APPEARANCES:

| | |
|---|---|
| FOR THE GOVERNMENT: | CRAIG N. MOORE, ESQ.<br>LEE H. VILKER, ESQ.<br>U.S. Attorney's Office<br>50 Kennedy Plaza<br>Providence, RI 02903 |
| FOR THE DEFENDANT, NIGEL POTTER: | C. LEONARD O'BRIEN, ESQ.<br>101 Dyer Street<br>Providence, RI 02903 |
| FOR THE DEFENDANT, DANIEL BUCCI: | ANTHONY M. TRAINI, ESQ.<br>56 Pine Street<br>Providence, RI 02903 |
| FOR THE DEFENDANT, BURRILLVILLE: | JOHN A. TARANTINO, ESQ.<br>PATRICIA ROCHA, ESQ.<br>Adler, Pollock & Sheehan, Inc.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 |
| Court Reporter: | Karen M. Zinni, RPR-RMR-CRR<br>One Exchange Terrace<br>Providence, RI 02903 |

Mr. Potter.
Q. What did Mr. Bucci say?
A. He expressed the need to take care of Mr. McKinnon.
Q. Did he mention a dollar amount that was -- that he was considering?
A. A million bucks.
Q. And do you recall what phrase he used as the -- in describing this possible payment to Mr. McKinnon?
A. I don't recall a specific phrase, per se.
Q. Okay. I'd like to show you now, I believe you have it in front of you, Government Exhibit 19, which I believe is the Lincoln Park minutes.
MR. VILKER: Can you bring that up.
Q. What's Exhibit 19, sir?
A. Yes.
Q. What is it?
A. It's the meeting -- it's the minutes of the meeting of August 25th.
Q. Okay. And who prepared these minutes?
A. I did.
MR. VILKER: If we can magnify and highlight the last bullet point entitled "political expenditures."
Q. Did you write those words, Mr. Brents?
A. I did.
Q. Do you see where the first sentence says, "Dan

THE COURT: There was a question, did Mr. Bucci at this meeting articulate a reason why he thought McKinnon should get a performance bonus of a million dollars, and you said yes. The question after is, what did Mr. Bucci say?

A. Mr. Bucci articulated the need to pay McKinnon because he was -- of the work that he had done in the political arena for the park.

Q. After Mr. Bucci made this comment, did anyone else say anything at this meeting?

A. I objected, as did Mr. Sherman.

Q. And was Mr. Potter there?

A. Yes.

Q. And do you recall whether or not Mr. Potter said anything at that time?

A. I don't believe Mr. Potter objected or. . .

Q. You don't recall if he said anything?

MR. O'BRIEN: Objection. Move to strike the answer, your Honor.

MR. TRAINI: Objection.

THE COURT: The answer -- which answer?

MR. O'BRIEN: The nonresponsive one. I'm sorry I was late. I didn't want to interrupt a question, but the nonresponsive answer, your Honor.

THE COURT: Just a minute. The answer may be

stricken, and the jury will disregard it.

Q. Mr. Brents, do you remember Mr. Potter saying anything, this is a yes or no question, after -- on the subject of this possible performance bonus to Dan McKinnon?

A. Yes.

Q. And what do you remember Mr. Potter saying?

MR. TRAINI: Objection, your Honor.

THE COURT: Basis?

MR. TRAINI: *Petrozziello*.

MS. ROCHA: Same, your Honor.

THE COURT: Overruled. You can answer.

A. Okay.

THE COURT: What did Mr. Potter say?

A. Mr. Potter had suggested that perhaps McKinnon could be re -- could be paid via increasing his rate of pay on his invoices or billing the park.

Q. Was there an agreement at the conclusion of this meeting to make this payment to Mr. McKinnon?

MR. TRAINI: Objection, your Honor.

THE COURT: Just a minute. Sustained.

Q. What was the status of this possible payment to Mr. McKinnon at the conclusion of this meeting?

A. No decision was reached.

THE COURT: Mr. Vilker, how much more do you

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * *  C.R. NO. 03-081ML
*
UNITED STATES OF AMERICA *
*
VS. * JULY 29, 2005
* 9:00 A.M.
NIGEL POTTER, ET AL *
*
* * * * * * * * * * * * * * * * *  PROVIDENCE, RI

BEFORE THE HONORABLE MARY M. LISI,

DISTRICT JUDGE

(Jury Trial)

APPEARANCES:

FOR THE GOVERNMENT: CRAIG N. MOORE, ESQ.
LEE H. VILKER, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT, NIGEL POTTER: C. LEONARD O'BRIEN, ESQ.
101 Dyer Street
Providence, RI 02903

FOR THE DEFENDANT, DANIEL BUCCI: ANTHONY M. TRAINI, ESQ.
56 Pine Street
Providence, RI 02903

FOR THE DEFENDANT, BURRILLVILLE: JOHN A. TARANTINO, ESQ.

of substance in addition to what he already has. I understand that Mr. Moore's comment may be that he is merely summarizing. I will ask a more precise question.

THE COURT: So you're withdrawing the question?

MR. O'BRIEN: Yes.

THE COURT: Okay.

(End of bench conference)

Q. Mr. Elliott, I'm going to ask the question a little more precisely. Aside from what you've already told us about what Mr. Potter said, do you recall whether at that time he said anything else to the board members?

A. He was looking for advice on how he should proceed, how he should --

MR. MOORE: Objection. Objection.

THE COURT: Wait a minute. That's just a yes or no. The answer may be stricken. Listen to the question. Do you want the question back?

THE WITNESS: Yes, please.

THE COURT: Aside from what you've already told us about what Mr. Potter said, do you recall whether at

that time he said anything else to the board members?
Yes or no?
A. Yes.
Q. Can you tell us what else Mr. Potter said to the



board members on that occasion.
A. He was looking for advice on how to handle --
MR. MOORE: Objection, characterization. What he said is the question.
THE COURT: Don't summarize or tell us what you think it means. Do you recall what he said?
THE WITNESS: I can't recall precise words, your Honor.
Q. Without using the exact words, will you say to us what you understood him to say at that time?
MR. MOORE: Objection, relevance.
THE COURT: Sustained.
Q. Do you recall any of the words that he used in communicating that additional material to the board?

A. No, I -- no. The specifics I can't.

Q. Thank you. You told us a moment ago that when you heard Mr. Potter introduce this matter, you were surprised?

A. Yes.

Q. You also indicated that you were aware of this proposal prior to him presenting it to the board?

A. Yes.

Q. And can you tell us, do you recall how you became aware of this?

A. I can't remember how I became aware. There may



have been faxes from --

MR. MOORE: Objection.

THE COURT: Just a minute. Don't volunteer anything. If you don't remember, you don't remember.

Q. Do you have any memory of the source of the information that you had on this proposal prior to the board meeting?

A. It hadn't changed. It was still reserved to the board.

MR. O'BRIEN: May I have a moment, your Honor?

THE COURT: Take your time.

(Pause)

Q. I have to go back to the meeting of the 24th with Mr. Sherman and Mr. Brents at Wembley USA in Denver when the issue of the McKinnon matter came up. Do you recall what Mr. Potter said?

A. He must have raised the --

MR. MOORE: Objection.

THE COURT: That's a yes or no.

THE WITNESS: I'm sorry.

MR. O'BRIEN: You can answer that yes or no.

A. Yes.

Q. Now, you've indicated that you believe the minutes to be inaccurate when they refer to PLC approval; is that correct?

A. That's correct.

Q. Can you tell us what you recall, as you sit there right now, Mr. Potter to have said during the

discussion of that particular line item on the agenda?

THE WITNESS: Your Honor, am I being asked the exact words that he used?

THE COURT: Yes.

MR. O'BRIEN: Your Honor, in asking your -- I'll rephrase the question so that I don't mislead the witness.

Q. I'm asking for your memory of the words that he used in addressing that matter, if he did.

A. He mentioned the amount he was talking about --

MR. MOORE: Objection.

THE COURT: Just a minute.

MR. MOORE: Objection. It's nonresponsive.

THE COURT: Just tell us what he said, what you recall him saying. Don't embellish. Don't guess.

A. I don't remember the specific words that he said.

THE COURT: Okay.

Q. However -- strike that. Can you tell us whether or not, as you sit there today, you believe that he said that Wembley PLC had approved?

A. No, he did not say that.

A. No, I can't.

Q. You testified that you did not recall -- you recalled who the board members were who were in attendance; correct?

A. Yes.

Q. But you said you could not recall, with the exception of Mr. Harris, who exactly responded to Mr. Potter's inquiry?

A. I believe they all responded.

Q. But you don't know what each one said?

A. That's correct.

Q. So your recollection of that meeting is essentially an impression based on the discussion you heard?

A. Well, I mentioned the comment that someone said they didn't want to appear on the front page of the Daily Express. I remember that.

Q. But you don't remember who said that?