IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS BUCCI'S AND LINCOLN PARK, INC.'S MEMORANDUM IN SUPPORT OF REQUEST FOR JURY INSTRUCTION CONCERNING CONSPIRACY**

Defendants Daniel Bucci and Lincoln Park, Inc., have requested that the Court instruct the jury, in light of the fact that the instant case charges a conspiracy in which there are acknowledged to be only two alleged conspirators, that a conspiracy can exist and that conspiracy convictions can be had, only if both defendants are found guilty. The Court has suggested that such an instruction is not appropriate in light of United States v. Bucuvalas, 909 F.2d 593 (1st Cir. 1990), and United States v. Rogers, 121 F.3d 12 (1st Cir. 1997).

Bucuvalas does indeed hold that a not guilty verdict of one conspirator in a joint trial with only one other conspirator does not require the acquittal by the Court of the remaining lone conspirator. This holding is supported by Rogers and a number of other cases. The situation presented here is different and Defendants offer in further support of their request the following points in support of their request for instructions that require acquittal if the co-conspirator is acquitted.

First, Bucuvalas and the other decisions are cases where the jury verdict was returned and the defendant then asked the court to enter a judgment of acquittal or asked the court of appeals to do so. These cases were decided against the defendant based on the traditional "rule of consistency" exception to Dunn v. United States, 284 U.S. 390 (1932), which appears to have been abandoned in Bucuvalas. Here, the Defendant is making the argument before any jury instruction is given. This is critical to the question before the court because after the verdict is returned, the Defendant is precluded, by United States v. Powell, 469 U.S. 57 (1984), from inquiring into the basis for the verdict. Prior to the verdict, however, the Defendant is entitled to the jury's receiving a correct statement of the law, which is that both co-conspirators must be guilty in order for there to be an agreement and thus a conspiracy.

Secondly, the reason this is a correct statement of the law is because conspiracy, like Wharton's Rule cases, requires the participation of two individuals. It is therefore necessary for the Court to instruct the jury that without both defendants there can be no conspiracy at all. Since the defendants cannot agree with anyone other than each other, and since the agreement is an essential element of the case, both of them must agree. Therefore, the jury cannot find that one agreed without finding that the other agreed, and if they find that either one is not guilty of conspiracy the other cannot be found guilty.

Additionally, a failure to instruct the jury as requested would result in inconsistent instructions. The problem with the Bucuvalas rationale, and that of the cases that agree with it, is that if it is applied pre-verdict, in encourages the jurors to violate their oath that their verdict not be based on leniency or bias or anything other than the evidence. The frightening aspect of Bucuvalas is its reliance on Powell for the proposition that not only

Consequently, if the Court is not going to instruct as requested that the only way there can be a conspiracy conviction of anyone—based on the evidence—is if there are convictions of both conspirators, the defendants should theoretically be allowed to argue that the jury may decide to acquit a defendant for reasons of lenity or compromise. This is clearly not allowed, because it would constitute encouraging the jurors to disregard their oath.

That the case law is such that on a look-back basis a verdict based not on the evidence but on some other extraneous factor is justified under Powell and therefore does not constitute a basis on which to apply an insufficient evidence determination to a required co-conspirator, does not mean that the Court cannot, consistent with its duty, seek to prevent such a result before the case reaches the stage where the Powell/ Bucuvalas analysis becomes applicable. To do so is consistent with the court's responsibility to properly instruct the jury and to see to it that the Court's instructions are followed.

In a conspiracy case like this one, where there are only two conspirators and the Court recognizes that the law is very clear that an essential element of the charge is the agreement, which cannot exist without sufficient evidence against both of the defendants

that they agreed to the terms of the conspiratorial plan, and where the court is required to instruct the jurors that they must abide by their oath to return a verdict only on the basis of sufficient evidence and not on the basis of leniency, compromise or any other non-evidentiary factor, the Court is required to give the requested instruction to be sure that both the conspiracy instruction and the oath instructions are followed.

To the extent that the practical effect of <u>Bucuvalas</u>, in precluding such an instruction, causes the violation of the oath to be the legal support for a conviction, an issue which has never been raised, it should be found inapplicable. In essence, this application of Bucuvalas deprives the defendant his right to a fair and impartial trial by jury in violation of the Sixth Amendment.

Respectfully submitted,

DANIEL BUCCI,
By His Attorney,

Anthony M. Traini (#4793)
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

LINCOLN PARK, INC.,
By Its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. (401) 274-7200
Fax (401) 351-4607