IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRIVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS' FURTHER JOINT MOTION FOR ADDITIONAL SUPPLEMENTAL JURY INSTRUCTIONS**

Defendants jointly request this Court under F.R.Crim.P. 30(a) to instruct the jury according to the attached Additional Supplemental Instructions. This request supplements the Requests For Instructions already filed with this Court in the first trial of this case, and any other requests made by the Defendants.

Respectfully submitted,

DANIEL BUCCI,
By His Attorney,

Anthony M. Traini (#4793)
56 Pine Street-Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorney,

C. Leonard O'Brien (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LINCOLN PARK, INC.,
By Its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2005, I served a copy of the foregoing pleading by mail/hand delivery, upon Craig N. Moore, Esquire, and Lee H. Vilker, Esquire, Assistant United States Attorneys, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

**REQUEST NO. 3**

PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. Each defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are unanimously persuaded of his guilt of that charge beyond a reasonable doubt.

This presumption was with each defendant when the trial began and remains with him even now as I speak to you and will continue with each defendant into your deliberations unless and until you are convinced that the Government has proven his individual guilt beyond a reasonable doubt.

*First Circuit Pattern Jury Instructions: Criminal,* § 3.02 (1998)

1 Sand *et al.*, *Modern Federal Jury Instructions*, Instruction 4-1 (1987)

**REQUEST NO. 4**

REASONABLE DOUBT

In criminal cases, the law places the burden of proof entirely upon the Government. As I have instructed you, the Government has the burden of proving each and every element of the alleged offenses beyond a reasonable doubt, and that burden never shifts. A defendant has nothing to explain. He does not have to testify, or to call any witnesses, or to make any arguments, or to ask any questions. The law says to the Government: "You've brought these charges; now prove them beyond a reasonable doubt."

By the phrase "beyond a reasonable doubt," I mean that the Government must present evidence which, on examination, is found to be so convincing and compelling as to leave in your minds no reasonable doubt about the defendant's guilt. Put another way, reasonable doubt exists when, after weighing the evidence and using your common sense, you do not have a settled and abiding conviction of the truth of every element of the charge. Proof beyond a reasonable doubt is more than proof that a defendant is probably guilty. If you conclude that any defendant is probably guilty, you must acquit him, because proof of probable guilt is not proof beyond a reasonable doubt.

Thus, the Government and the individual defendants have a very different relationship to the proof in this case. The Government must prove all of the elements of a given charge beyond a reasonable doubt to warrant a guilty verdict, while each defendant need only point out grounds for a reasonable doubt as to a single element of an offense to require a verdict of not guilty on that particular offense.

Your verdict should not be based on your suspicions or on a feeling that a defendant possibly or even probably was involved in some illegal behavior. You must focus on each

individual defendant, and each specific charge brought against an individual defendant in this case. You must then look at each element of each charge as I will identify these elements for you. If, in regard to a particular defendant, you cannot say that the Government has proven every element of a particular charge beyond a reasonable doubt, you must acquit that defendant on that charge, regardless of how strong your suspicions may be. If, however, at the end of your deliberations, you are convinced by the evidence beyond a reasonable doubt that a particular defendant is guilty as charged, your duty is to return a verdict of guilt against the defendant.

*United States v. Cleveland,* 106 F.3d 1056 (1st Cir. 1997)

*United States v. O'Brien*, 972 F.2d 12 (1st Cir. 1992)

*United States v. Ohlmsted*, 832 F.2d 642 (1st Cir. 1987)

**REQUEST NO. 16A**

<u>WIRE FRAUD: INTENTION TO DEPRIVE OF HONEST SERVICES</u> (modified)

Public officials owe a duty to the public to act in the public's interest. In this case, the Indictment charges that defendants acted with the intention to defraud because they allegedly intended to bribe John Harwood and thereby to cause him to act for his own personal benefit and not for the benefit of the public.

In order to prove this intention in regard to any individual defendant, the Government must prove that that particular defendant intended to pay money in order to cause a public official to alter his or her official acts, to change a position which he or she would otherwise have taken, or to take actions that he or she would not have taken but for the payment.

A defendant is guilty of honest services fraud only if the Government proves beyond a reasonable doubt that that particular defendant specifically intended to influence or otherwise improperly affect a public official's performance of his or her public duties and thereby to deprive the public of that official's honest services.

18 U.S.C. § 1346

*United States v. Sawyer,* 239 F.3d 31, 40-41 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 55, 69-71 (1st Cir. 1998)

*United States v. Sawyer,* 85 F.3d 713, 723, 729, 731-732, 741 (1st Cir. 1996)

*United States v. D'Amato,* 39 F.3d 1249, 1259, 1262 (2nd Cir. 1994)

**REQUEST NO. 16B**

WIRE FRAUD: INTENTION TO DEPRIVE OF HONEST SERVICES
(Political Ties Distinguished)

You cannot find an intent to deprive the public of honest services solely on the basis of evidence that a defendant intended to cultivate political or business ties with the public official, or that he intended to create a public impression that he had political or business ties with a public official. Nor is it enough that a payment is intended or offered with a hope or expectation of some non-specific good will. The law requires more: a specific intent to influence the public official's performance of his or her public duties.

18 U.S.C. § 1346

*United States v. Sawyer,* 239 F.3d 31, 40-41 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 55, 69-71 (1st Cir. 1998)

*United States v. Sawyer,* 85 F.3d 713, 723, 729, 731-732, 741 (1st Cir. 1996)

*United States v. D'Amato,* 39 F.3d 1249, 1259, 1262 (2nd Cir. 1994)

**REQUEST NO. 16C**

WIRE FRAUD: INTENTION TO DEPRIVE OF HONEST SERVICES
(Payment to Attorney Distinguished)

You are instructed that it is not unlawful for any person to hire a lawyer whose partner is a member of the legislature, even if that person has business before the legislature. Nor is it unlawful for any person to compensate a lawyer or a law firm for services, whether the services are legal or business or political in nature, by payment of a retainer or a bonus or a fee of any kind, including one conditioned upon successful political results. This is true even if a member of the law firm is a legislator and the person making the payment has business before the legislature at the time of the payment.

Such activities, whatever you may think of them, do not violate the federal criminal law unless the government can show beyond a reasonable doubt that the payment to the attorney or law firm was intended to influence the official acts of the member of the firm who is a legislator.

18 U.S.C. § 1346

*United States v. Sawyer,* 239 F.3d 31, 40-41 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 55, 69-71 (1st Cir. 1998)

*United States v. Sawyer,* 85 F.3d 713, 723, 729, 731-732, 741 (1st Cir. 1996)

*United States v. D'Amato,* 39 F.3d 1249, 1259, 1262 (2nd Cir. 1994)

**REQUEST NO. 16D**

WIRE FRAUD: INTENTION TO DEPRIVE OF HONEST SERVICES
(Conflict of Interest Distinguished)

The question you must decide is whether the government has proven that a defendant intended to deprive the public of the honest services of John Harwood. It is not enough if you find that a defendant intended to make a payment to his law firm, which might be illegal under conflict of interest laws or laws governing ethics. You may find a defendant guilty only if you conclude that the government has proven beyond a reasonable doubt that the payment to the law firm was intended to influence the official actions of John Harwood.

18 U.S.C. § 1346

*United States v. Sawyer,* 239 F.3d 31, 40-41 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 55, 69-71 (1st Cir. 1998)

*United States v. Sawyer,* 85 F.3d 713, 723, 729, 731-732, 741 (1st Cir. 1996)

*United States v. D'Amato,* 39 F.3d 1249, 1259, 1262 (2nd Cir. 1994)

**REQUEST NO. 17A**

WIRE FRAUD: DEPRIVATION OF HONEST SERVICES
(No Strings Attached)

In order to prove an intended deprivation of the honest services of a public official, it is not enough for the government to prove that a defendant intended to make a payment as a reward for past services or in order to ensure future services. In other words, there is no intended deprivation of honest services if the payment was intended to be made without strings attached. The law requires more: proof beyond a reasonable doubt that the payment was intended or offered to improperly influence or reward a public official in the performance of his or her public duties.

*United States v. Sawyer,* 85 F.3d 713, 730 (1st Cir. 1996)

REQUEST NO. 17B
(Sawyer: Independent Evidence Required)

In assessing whether the government has proven a scheme to deprive the public of the honest services of John Harwood, you must determine whether the evidence proves that the scheme had, as its necessary outcome, the deprivation of John Harwood's honest services. If you find that it does not have such a deprivation as its necessary outcome, you may not convict any defendant of devising a scheme to defraud unless you also find that the government has presented independent evidence—that is, evidence independent of the scheme itself—of that defendant's intention to deprive the public of John Harwood's honest services.

Therefore, even if you find that the evidence concerning payment of a bonus or retainer to Mr. McKinnon could have, or might have, but would not necessarily have caused Mr. Harwood to fail to give honest services to the public, then you may not find any defendant guilty of wire fraud unless you also find that the government has proven by independent evidence that such defendant intended to cause Mr. Harwood to breach his duty to give honest services. Independent evidence means evidence that stands separate and apart from evidence relating to the paying of a bonus or retainer to Mr. McKinnon.

And, like all other elements of the charges, the government must prove this element beyond a reasonable doubt.

*United States v. Sawyer*, 85 F.3d 713, 725 (1st Cir. 1996)

**REQUEST NO. 19**

WIRE FRAUD: HONEST SERVICES FRAUD
(Conflict/Recusal) (modified)

In this case, it was lawful for defendants to hire Daniel McKinnon as their lawyer and to pay his firm a fee of any amount as long as his partner, the Speaker of the House, did not vote or do any official acts in relation to matters before the General Assembly that affected defendants.

In order to prove that any defendant intended to bribe Mr. Harwood by paying an fee of any kind or amount for legal services provided by McKinnon and Harwood, the Government must prove beyond a reasonable doubt that that defendant had reason to believe that Mr. Harwood would not recuse himself – that is, that he would not decline to vote or act on matters relating to the defendants and their business – when matters affecting defendants and their business came before the General Assembly.

*United States v. Sawyer*, 85 F.3d 713 (1st Cir. 1996)

*In re Advisory Opinion to the Governor*, 504 A.2d 456 (R.I. 1986)

*Mehrtens v. Davis,* 574 A.2d 1236 (R.I. 1990)

**REQUEST NO. 21**

WIRE FRAUD: INTENT TO "DECEIVE" (modified)

In addition to proving an intention to defraud the public of the honest services of a public official or officials by payment of a bribe, the Government must also prove that each individual defendant intended to deceive the public as well. A person who intends to bribe a public official does not necessarily also intend to deceive the public concerning the deprivation of the official's honest services. Thus, even if a defendant intended to deprive the Rhode Island public of the honest services of John Harwood, that will not be proof of wire fraud unless you find that a particular defendant also intended that the public be deceived about the payment, either by the public official withholding material information about the payment or by affirmative misrepresentations.

*United States v. Sawyer,* 239 F.3d 31, 41, 48 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 55 n. 6 (1st Cir. 1998)

*United States v. Sawyer,* 85 F.3d 713, 729 n. 12, 732-733, 734 n.18 (1st Cir. 1996)

*McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc,* 904 F.2d 786, 791 (1st Cir.), *cert. denied,* 498 U.S. 992 (1990)

**REQUEST NO. 25**

WIRE FRAUD: FACSIMILE "FOR THE PURPOSE OF EXECUTING" A SCHEME TO DEFRAUD
(Close Relationship to the Scheme)

In order to prove that any of the facsimiles alleged in the Indictment were sent "for the purpose of executing" a scheme to defraud, the Government must prove beyond a reasonable doubt that the facsimile was closely related to a core transaction of the scheme. The Government need not prove that any given facsimile was essential to the scheme. However, the Government must prove beyond a reasonable doubt that, at a minimum, the facsimile transmissions were incident to, or connected to, an essential part of the scheme.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by facsimile was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the facsimile was intended as the specific or exclusive means of accomplishing the alleged fraud.

What the Government must prove is that the use of any given facsimile was for the purpose of executing the scheme to defraud, and that the scheme depended upon the use of the wires for its success, although use of the wires need not have been the exclusive or even the most significant means of accomplishing the fraud.

*Schmuck v. United States*, 489 U.S. 705, 744 (1989)

*Parr v. United States,* 363 U.S. 370 (1960)

*United States v. Sawyer,* 239 F.3d 31, 40 (1st Cir. 2001)

*United States v. Sawyer,* 85 F.3d 713, 723 + n.6 (1st Cir. 1996)

*United States v. Morrow*, 39 F.3d 1228 (1st Cir. 1994), *cert. denied*, 514 U.S. 1048 (1995)

*United States v. Castillo*, 829 F.2d 1194, 1199 (1st Cir. 1987)

*First Circuit Pattern Jury Instructions: Criminal*, § 4.12 (1998)

**REQUEST NO. 26**

WIRE FRAUD: FACSIMILE "FOR THE PURPOSE OF EXECUTING" A SCHEME TO DEFRAUD
(Executing, Not Devising)

A facsimile is sent in order to "execute" the scheme if it was sent in order to put the scheme into effect or carry it out.

A defendant does not commit the crime of wire fraud if he uses facsimile transmissions in an effort to *devise* or concoct a scheme to defraud rather than to *execute* an existing scheme. If the Government proves only that a defendant sent any given facsimile to persuade a confederate to enter a scheme to defraud, or to discuss a possible scheme, or to assess the merits of a possible scheme, or to decide whether or not to enter a scheme, or to determine the scope or terms of a possible scheme, you must find that defendant not guilty of wire fraud in relation to that facsimile.

In deciding whether any given facsimile was sent for the purpose of devising a scheme, the one hand, or for the purpose of executing a scheme on the other, you may consider to whom the facsimile was addressed, and whether it was sent to confederate to devise a scheme or to someone outside the scheme in order to execute a scheme that had already been devised.

A defendant is guilty of wire fraud only if you find beyond a reasonable doubt that a scheme to defraud existed at the time the facsimile was sent in order to execute the scheme or carry it out.

18 U.S.C. § 1343

*Schmuck v. United States,I 489 U.S. 705, 742, 746 (1989)*

*United States v. Maze,* 414 U.S. 395, 400 (1974)

*Kann v. United States,* 323 U.S. 88, 95 (1944)

*Parr v. United States,* 363 U.S. 370, 389-390 (1960)

*United States v. Sawyer,* 239 F.3d 31, 39-40 (1st Cir. 2001)

*United States v. Woodward,* 149 F.3d 46, 64 (1st Cir. 1998)

*United States v. Serrano,* 870 F.2d 1, 6 (1st Cir. 1989)

*Webster's Seventh New Collegiate Dictionary* at 290 (1965)

**REQUEST NO. 28**

CONSPIRACY: IN GENERAL

As a general proposition, a conspiracy is a combination of two or more persons, acting together, to accomplish some unlawful purpose or to accomplish a lawful purpose by unlawful means. The gist of the offense is a mutual agreement to disobey, or to disregard, the requirements of the criminal law.

In order to satisfy its burden of proof, the Government must establish each of the following three elements beyond a reasonable doubt in relation to the alleged conspiracy:

> *First*, that the agreement specified in the Indictment, and not some other agreement, existed between two or more persons;
>
> *Second*, that a defendant knowingly and willfully became a member of that conspiracy by his own individual agreement to participate in the unlawful activity charged; and
>
> *Third*, that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

*Braverman v. United States,* 317 U.S. 49, 53 (1942)

*United States v. Falcone,* 311 U.S. 205, 211 (1940)

*United States v. Richardson,* 14 F.3d 666, 670 (1st Cir. 1994)

*United States v. Yefsky,* 994 F.2d 885, 890 (1st Cir. 1993)

*United States v. Drougas*, 748 F.2d 8 (1st Cir. 1984)

*First Circuit Pattern Jury Instructions: Criminal,* § 4.03 (1998) (modified)

**REQUEST NO. 38**

CONSPIRACY: WITHDRAWAL (Alternative A)
(Presented on behalf of defendant Nigel Potter only)

It is a defense to the charge of conspiracy in Count I of the Indictment that a defendant withdrew from the conspiracy before its objective was fully accomplished or before the conspiracy had failed. If you find that a defendant has produced some evidence that he withdrew from the conspiracy, then you cannot convict that defendant unless you conclude that the Government has proven beyond a reasonable doubt that that defendant did not withdraw from the conspiracy before it was fully accomplished or had failed.

In order to withdraw from the conspiracy, a defendant must take some affirmative action to disavow the conspiracy or to defeat its goal or purpose. Mere termination of activity in furtherance of the conspiracy does not constitute withdrawal. Nor is it sufficient for a conspirator simply to advise against a course of action.

A defendant disavows the conspiracy by communicating to co-conspirators that he has abandoned the conspiracy and its goals. A defendant may communicate his disavowal of a conspiracy by resuming activity inconsistent with the charged conspiracy in a manner reasonably calculated to reach co-conspirators. A defendant can also indicate his withdrawal by doing an act or acts designed to prevent further progress of the conspiracy. In this regard, you may consider whether a defendant consulted with independent counsel.

*United States v. Gypsum,* 438 U.S. 422 (1978)

*United States v. Nason,* 9 F.3d 155 (1st Cir. 1993), *cert. denied,* 510 U.S. 1207 (1994)

*United States v. Piva,* 870 F.2d 753, 757 (1st Cir. 1989)

*United States v. Dyer,* 821 F.2d 35 (1st Cir. 1987)

*United States v. Dunn*, 758 F.2d 30 (1st Cir. 1985)

*United States v. Nippon Paper Industry Co.*, 62 F.Supp.2d 173 (D.Mass. 1999) (consultation with independent counsel)

2 O'Malley, *et al.*, *Federal Jury Practice and Instructions: Criminal*, § 31.11 (2000)

withdrew before any final agreement was reached or before any conspirator carried out an overt act in furtherance of the conspiracy. If you find that a defendant has produced some evidence that he withdrew from the conspiracy, then you cannot convict that defendant unless you conclude that the Government has proven beyond a reasonable doubt that that defendant did not withdraw from the conspiracy before it was fully accomplished or had failed.

In order to withdraw from the conspiracy, a defendant must take some affirmative action to disavow the conspiracy or to defeat its goal or purpose. Mere termination of activity in furtherance of the conspiracy does not constitute withdrawal. Nor is it sufficient for a conspirator simply to advise against a course of action. A defendant disavows the conspiracy by communicating to co-conspirators that he has abandoned the conspiracy and its goals. A defendant may communicate his disavowal of a conspiracy by resuming activity inconsistent with the charged conspiracy in a manner reasonably calculated to reach co-conspirators. A defendant can also indicate his withdrawal by doing an act or acts designed to prevent further progress of the conspiracy. In this regard, you may consider whether a defendant consulted with independent counsel.

*United States v. Gypsum,* 438 U.S. 422 (1978)

*United States v. Nelson-Rodreguez,* 319 F.2d 12 (1st Cir.), *cert. denied sub nom., Caribe-Garcia v. United States,* 539 U.S. 928 (2003)

*United States v. Rogers,* 102 F.3d 641 (1st Cir. 1996), *cert. denied,* 522 U.S. 879 (1997)

*United States v. Nason,* 9 F.3d 155 (1st Cir. 1993), *cert. denied,* 510 U.S. 1207 (1994)

*United States v. Piva,* 870 F.2d 753, 757 (1st Cir. 1989)

*United States v. Dyer,* 821 F.2d 35 (1st Cir. 1987)

*United States v. Dunn,* 758 F.2d 30 (1st Cir. 1985)

*United States v. Nippon Paper Industry Co.,* 62 F.Supp.2d 173 (D.Mass. 1999) (consultation with independent counsel)

2 O'Malley, *et al., Federal Jury Practice and Instructions: Criminal,* § 31.11 (2000)

*Model Penal Code,* §§ 5.01, 5.03(6) and Commentaries at pp. 456-458 (1962)

**REQUEST NO. 45**

TRUTHFULNESS OF TESTIMONY

Even if you are uncertain whether or not the defense evidence or the testimony of a defense witness is truthful, in whole or in part, you are not obligated to convict. If, after considering all the evidence, the defense evidence, or any part of it, leaves you with a reasonable doubt as to any element of the charge, you must vote to acquit.

On the other hand, if you are uncertain whether or not to believe a prosecution witness whose testimony is essential to the proof of any element of the charge, you must vote to acquit.

The defense has no burden to prove the truthfulness or credibility of defense witnesses and/or the falsity or lack of credibility of the government's witnesses. Instead, the government has the burden of proving that the evidence is sufficiently credible to prove each and every element of the charge beyond a reasonable doubt. If, after considering all the evidence, you have a reasonable doubt as to any essential fact or element of the charge, then you must give the defendant the benefit of that doubt and vote to acquit.

*First Circuit Pattern Jury Instructions: Criminal,* § 1.06 (1998)

2 O'Malley, *et al., Federal Jury Practice and Instructions,* §15.01 (2000)