UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 03-081ML

NIGEL POTTER;
DANIEL BUCCI; and
BURRILLVILLE RACING ASSOCIATION
a/k/a LINCOLN PARK
a/k/a LINCOLN GREYHOUND PARK
a/k/a LINCOLN PARK, INC.

# JURY INSTRUCTIONS

TABLE OF CONTENTS

1. INTRODUCTION . . . . . 1

2. EVIDENCE RECEIVED IN THIS CASE . . . . . 2

3. INDICTMENT – DEFINED . . . . . 2

4. INFERENCES – DEFINED . . . . . 3

5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL . . . . . 3

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE . . . . . 4

7. JURY'S RECOLLECTION CONTROLS . . . . . 4

8. PRESUMPTION OF INNOCENCE . . . . . 4

9. BURDEN OF PROOF . . . . . 5

10. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . 6

11. CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY . . . . . 6

12. "IN OR ABOUT" – DEFINED . . . . . 8

13. CHARGES CONTAINED IN THE INDICTMENT . . . . . 8

14. CORPORATE LIABILITY . . . . . 9

15. COUNT I: CONSPIRACY . . . . . . . . . . 10

16. 18 U.S.C. § 371 . . . . . . . . . . 11

17. 18 U.S.C. § 371 – ELEMENTS OF THE OFFENSE . . . . . . . . . . 11

18. CONSPIRACY – GENERALLY . . . . . . . . . . 12

19. CORPORATE CONSPIRACY . . . . . . . . . . 12

20. CONSPIRACY – TIME PERIOD . . . . . . . . . . 13

21. EXISTENCE OF THE CONSPIRACY . . . . . . . . . . 13

22. MEMBERSHIP IN CONSPIRACY . . . . . . . . . . 14

23. INTENT . . . . . . . . . . 15

24. CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS . . . 15

25. "OVERT ACT" REQUIREMENT . . . . . . . . . . 16

26. CONSPIRACY – SUCCESS IMMATERIAL . . . . . . . . . . 17

27. COUNTS II THROUGH XII: WIRE FRAUD . . . . . . . . . . 17

28. 18 U.S.C. § 1343 . . . . . . . . . . 17

29. 18 U.S.C. § 1346 . . . . . . . . . . 18

30. 18 U.S.C. § 1343 – ELEMENTS OF THE OFFENSE . . . . . . . . . . 18

31. "SCHEME TO DEFRAUD" . . . . . . . . . . 18

32. "KNOWINGLY" AND "WILLFULLY" – DEFINED . . . . . . . . . . 19

33. "INTENT TO DEFRAUD" – DEFINED . . . . . . . . . . 19

34. INTENT TO DEPRIVE OF HONEST SERVICES . . . . . . . . . . 20

35. INTENT TO DECEIVE . . . . . . . . . . 20

36. USE OF INTERSTATE WIRE COMMUNICATIONS IN FURTHERANCE OF THE SCHEME . . . . . . . . . . 21

37. "INTERSTATE OR FOREIGN WIRE COMMUNICATIONS" – DEFINED . . . . . . . 22

38. WIRE FRAUD – DEFENDANT'S RECEIPT OF COMMUNICATION . . . . . . . . . . 22

39. EXHIBITS . . . . . . . . . . 23

40. STIPULATIONS . . . . . . . . . . 23

41. REMARKS OF COUNSEL . . . . . . . . . . 23

42. CONDUCT OF COURT AND COUNSEL . . . . . . . . . . 24

43. EVIDENCE ADMITTED FOR A LIMITED PURPOSE . . . . . . . . . . 24

44. TESTIMONY OF WITNESSES . . . . . . . . . . 25

45. UNANIMOUS VERDICT – JURY CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

46. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

# PART I: GENERAL INSTRUCTIONS

## 1. INTRODUCTION

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the defendants and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you.

Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denials made by the "not guilty" pleas of the defendants. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a

litigation. By the same token, it is entitled to no less consideration. All parties, whether government, individuals, or corporations, stand as equals at the bar of justice.

## 2. EVIDENCE RECEIVED IN THIS CASE

For the purpose of determining whether or not the government has sustained its burden of proof, you must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and any facts to which the parties have stipulated.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

## 3. INDICTMENT – DEFINED

An indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The indictment was returned by a grand jury, which heard only the government's side of the case. The fact that the defendants have had an indictment filed against them is no evidence whatsoever of the guilt of any defendant. An indictment is nothing more than an accusation. It is a piece of paper filed with the Court to bring a criminal charge against a defendant. Here, the defendants have pleaded not guilty and have put in issue the charges alleged in the indictment. The government therefore has the burden of proving the allegations made against the defendants.

The fact that an indictment has been filed in this case does not give rise to a presumption of guilt. It does not even lead to an inference of guilt. The indictment simply brings this matter before you for determination. Beyond that, it has no significance whatsoever.

## 4. INFERENCES – DEFINED

In determining whether the government has sustained its burden of proof, you are to consider only the evidence. But in your consideration of the evidence, you are not limited to the statements of witnesses, or solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. You may not, however, draw an inference from another inference.

## 5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE

The fact that the Court may have admitted evidence over objection should not influence you in determining the weight that you will give such evidence. Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of the weight that you will give the evidence if admitted. In other words, you should determine the weight that you will give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

7. JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

8. PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the utmost importance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. Each defendant before you has the benefit of that presumption throughout the trial, and you are not to convict a defendant of a particular charge unless you are unanimously persuaded of that defendant's guilt on that charge beyond a reasonable doubt.

This presumption was with each defendant when the trial began and remains with each

defendant even now as I speak to you and will continue with each defendant into your deliberations unless and until you are convinced that the government has proven a defendant's individual guilt beyond a reasonable doubt.

## 9. BURDEN OF PROOF

As I have said, the burden is upon the government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions–one that a defendant is guilty as charged, the other that the defendant is not guilty–you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each element of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

10. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

A defendant does not have to testify. This principle is related to the fact that the burden of proof is upon the government and not on the defendant.

A defendant in a criminal case need not say anything. It is the right of every individual not to testify. It's guaranteed by the Constitution. If one or more of the defendants chooses not to testify, you may not draw any adverse inference from that fact. By that I mean you may not say, "Well, they must have something to hide, otherwise they would have testified," or, "They must be guilty because they did not get up on the stand and tell me that they were not guilty." It is absolutely impermissible for you to draw such inferences in this case.

11. CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that particular defendant, leaving out of consideration entirely any evidence admitted solely against

some other defendant or defendants. The fact that you return a verdict of guilty or not guilty as to one defendant on any count of the indictment should not, in any way, affect your verdict regarding any other defendant.

You must consider each charge separately. The fact that you find a defendant guilty or not guilty on one count does not mean that you should find the same defendant guilty or not guilty on any other count.

## PART II: THE OFFENSES CHARGED

### 12. "IN OR ABOUT" – DEFINED

You will note that the indictment charges that the offenses were committed "in or about" or "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient that the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment.

### 13. CHARGES CONTAINED IN THE INDICTMENT

The indictment in this case contains twelve counts or "charges." You may recall that I previously told you that the indictment contains thirteen counts. There are now only twelve counts. You need not attach any particular significance to the fact that there presently is one less count.

The defendants in this case are Nigel Potter, Daniel Bucci, and Burrillville Racing Association. Burrillville Racing Association is also known as Lincoln Park, Lincoln Greyhound Park, and Lincoln Park, Inc. Throughout these instructions, the Court will refer to that defendant as "Lincoln Park."

Count I of the indictment charges that the defendants Nigel Potter, Daniel Bucci, and Lincoln Park conspired to commit an offense against the United States in violation of 18 U.S.C. § 371. Specifically, Count I charges that beginning in or about March 2000, and continuing to at least until in or about April 2001, the defendants Potter, Bucci, and Lincoln Park conspired to commit honest services wire fraud, an offense prohibited by 18 U.S.C. §§ 1343 and 1346.

Counts II through XII charge one or more of the defendants with the commission of specific

acts of honest services wire fraud. Counts II through XII pertain to facsimile transmissions allegedly made or caused to be made by one or more of the defendants in interstate or foreign commerce. Counts II and IV are directed against defendant Bucci. Counts VI, IX, XI, and XII are directed against defendants Bucci and Lincoln Park. Counts III, V, VII, VIII, and X are directed against defendant Potter.

Again, I remind you that a separate crime is alleged against one or more of the defendants in each count of the indictment and you must consider each alleged offense, and any evidence pertaining to it, separately. The fact that you find one defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offenses charged against that defendant or any other defendant.

## 14. CORPORATE LIABILITY

One of the defendants, Lincoln Park, is a corporation. A corporation is a legal entity that may act only through its agents. The agents of a corporation are its officers, directors, employees, and certain others who are authorized by the corporation to act for it.

A corporate defendant is entitled to the same individual and impartial consideration of the evidence that the jury gives to a natural person who is named as a defendant.

In order to sustain its burden of proof against Lincoln Park on any of the charges contained in the indictment, the government must prove beyond a reasonable doubt that each of the essential elements of the offense charged was committed by an officer, director, employee, or agent of the corporation, Lincoln Park.

In addition, the government must also establish the following three elements:

*First*: That each of the acts committed by the officer, director, employee, or agent were within the course and scope of the employment or agency given to him by the corporate defendant, or, if not within the course and scope of such employment or agency, that the act of the officer, director, employee, or agent was later approved or adopted by the corporation;

*Second*: That each of the acts committed by the officer, director, employee, or agent were of the kind which he is authorized by the corporation to perform; and

*Third*: That the officer, director, employee, or agent committed each of the essential elements of the offense with the intent to benefit the corporation as opposed to himself or someone else.

In order to establish that an act was committed within the course and scope of employment, the evidence must show that the act related directly to the general duties that the officer, director, employee, or agent was expected to perform by the defendant corporation. It is not necessary for the government to prove that the act was authorized by the corporation formally or in writing.

An officer, director, employee, or agent does not act within the course and scope of his employment if that person performs an act which the corporation has, in good faith, forbidden its officers, directors, employees, or agents to perform. Similarly, a corporate defendant may not be held responsible for actions which it tries to prevent.

15. <u>COUNT I: CONSPIRACY</u>

Count I of the indictment alleges that the defendants, Potter, Bucci, and Lincoln Park, in violation of 18 U.S.C. § 371, engaged in a conspiracy to commit a federal offense, specifically,

that the defendants conspired to commit honest services wire fraud. The indictment alleges that:

> Beginning in or about March, 2000, and continuing at least until in or about April 2001, in the Districts of Rhode Island and Colorado, in the United Kingdom, and elsewhere, the Defendants, NIGEL POTTER, DANIEL BUCCI, and LINCOLN PARK knowingly, wilfully, and unlawfully combined, conspired, confederated, and agreed with each other to commit an offense against the United States, specifically, having devised and intending to devise a scheme and artifice to defraud the State of Rhode Island and its citizens of their intangible right of the honest services of John B. Harwood, and for the purpose of executing that scheme and artifice, to transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication, certain writings, signs, and signals, according to the directions thereon, that is, by facsimile transmission, in violation of 18 U.S.C. §§ 1343 and 1346.

## 16. 18 U.S.C. § 371

Title 18, Section 371 provides, in pertinent part, that "[i]f two or more persons conspire...to commit any offense against the United States...and one or more of such persons do any act to effect the object of the conspiracy," each is guilty of a violation of 18 U.S.C. § 371.

## 17. 18 U.S.C. § 371 – ELEMENTS OF THE OFFENSE

To sustain its burden of proof as to the offense charged in Count I, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

*First*: That the agreement, as set forth in the indictment, and not some other agreement, existed between two or more persons;

*Second*: That the defendant knowingly and willfully joined in that agreement; and,

*Third*: That one of the conspirators committed at least one of the overt acts set forth in

the indictment in an effort to further the purpose of the conspiracy.

## 18. CONSPIRACY – GENERALLY

A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy. What this means is that each conspirator not only acts for himself, but also acts for the other conspirators. In other words, a conspiracy is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

In this case, the indictment alleges that there was an agreement between defendants Potter and Bucci to commit wire fraud. It is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed. It must prove, however, that defendants Potter and Bucci in some way or manner, or through some means, came to a mutual understanding to accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

## 19. CORPORATE CONSPIRACY

A corporate officer, director, employee, or agent, acting alone on behalf of the corporation, cannot be convicted of conspiring with the corporation. Conversely, the corporation cannot be convicted of conspiring with its officer, director, agent, or employee. Consequently, Daniel Bucci may not be convicted of conspiring solely with Lincoln Park, and Lincoln Park may not be convicted of conspiring solely with Daniel Bucci.

20. CONSPIRACY – TIME PERIOD

The indictment charges that the conspiracy existed from in or about March 2000 to in or about April 2001. In determining whether the defendants conspired as charged, you need not find the precise time frame in which the conspiracy was in existence. Instead, it is sufficient that you find that a conspiracy was in existence for any period of time reasonably described by the period alleged in the indictment, and that the defendant was a member of that conspiracy during that period.

21. EXISTENCE OF THE CONSPIRACY

In your consideration of the conspiracy offense alleged in Count I, you should first determine, from all of the testimony and evidence in the case, whether or not a conspiracy existed as charged.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. However, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily, in and of itself, establish proof of the existence of a conspiracy, but you may consider such factors.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme nor the fact of a defendant's participation in it need be proven by direct evidence. Both may be inferred from the circumstances of the case and course of dealings

between defendants Potter and Bucci.

## 22. MEMBERSHIP IN CONSPIRACY

In addition to proving that the conspiracy charged in the indictment existed, the government must also prove beyond a reasonable doubt that the defendant willfully joined in that agreement. To act "willfully" means to act voluntarily and intelligently, and with the specific intention that the underlying crime–here, honest services wire fraud–be committed. In other words, to act willfully means to act with bad purpose, either to disobey or disregard the law–not to act by ignorance, accident, or mistake.

Proof that a defendant willfully joined in the agreement must be based upon evidence of the defendant's own words and/or actions. You need not find that the defendant agreed specifically to or knew about all of the details, or the scope, of the conspiracy, or that the defendant participated in each act of the agreement or played a major role. However, the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture. On the other hand, a defendant who has no knowledge of a conspiracy, but happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Mere knowledge of or acquiescence in an unlawful plan, without participation in it, is not sufficient. More is required under the law. What is necessary is that a defendant participated with knowledge of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those objectives.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of

that defendant's guilt. A conspirator's liability is not measured by the extent or duration of that conspirator's participation. Each conspirator may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if the act is done with the intention of agreeing to join the conspiracy and the intention of accomplishing the conspiracy's unlawful purpose.

## 23. INTENT

To establish that a defendant willfully joined in a conspiracy, the government must prove two types of intent beyond a reasonable doubt: (1) an intent to agree; and (2) an intent that the underlying crime, in this case, honest services wire fraud, be committed. The government need not prove that the defendant agreed to commit the underlying offense personally. It is sufficient that the defendant intended that the offense be committed, if not by himself, then by a co-conspirator. An individual's intent may be inferred from all of the surrounding circumstances.

## 24. CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS

In deciding whether a defendant was a member of the conspiracy, you should first consider the evidence of that particular defendant's own acts and statements. You may also consider any other evidence in the case as it bears on the issue of a defendant's membership. Specifically, you may consider the acts and statements of the other alleged co-conspirator, even if the defendant was not present at the time the acts were done or the statements were made.

However, you may do so only if you find that the defendant was a member of the conspiracy at the time the acts were done or the statements made, and only if you find that the acts were done and the statements were made by a person whom you find to be a member of the conspiracy during the conspiracy's existence and in furtherance of one it its purposes. If the acts were performed or the statements were made at a time when the defendant you are considering was not a member of the conspiracy, or were performed or made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, then they may be considered as evidence only against the conspiracy member who did or said them and not against any other defendant. You are instructed that in this case there are only two natural persons alleged to have entered into the agreement described in the indictment, defendants Potter and Bucci.

## 25. "OVERT ACT" REQUIREMENT

In order to prove a conspiracy, the government must prove that, after the conspiracy was entered, one of the members of the conspiracy committed an overt act in an effort to accomplish some purpose of the conspiracy. In this case, paragraphs 14 through 28 of the indictment set forth the overt acts alleged to have been committed in furtherance of the conspiracy charged.

An "overt act" is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The overt act need not itself be a crime. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy. However, you must unanimously

agree as to which overt act alleged in the indictment has been proven beyond a reasonable doubt.

26. CONSPIRACY – SUCCESS IMMATERIAL

The government does not have to prove that the conspiracy succeeded or that its object was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

27. COUNTS II THROUGH XII: WIRE FRAUD

Counts II through XII of the indictment each charge that one or more of the defendants committed honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, by transmitting or causing the transmission of certain facsimile communications. Counts II and IV are directed against defendant Bucci. Counts VI, IX, XI, and XII are directed against defendants Bucci and Lincoln Park. Counts III, V, VII, VIII, and X are directed against defendant Potter.

As I instructed you previously, you must consider each count and the evidence pertaining to it separately. The fact that you may find a defendant guilty or not guilty on one count must not affect your verdict as to any other defendant or any other count.

28. 18 U.S.C. § 1343

A violation of section 1343 occurs when a defendant, "having devised or intending to devise any scheme or artifice to defraud..., transmits or causes to be transmitted by means of wire...communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice...."

29. <u>18 U.S.C. § 1346</u>

Title 18, Section 1346 defines a "scheme or artifice to defraud" as including "a scheme or artifice to deprive another of the intangible right of honest services."

30. <u>18 U.S.C. § 1343 – ELEMENTS OF THE OFFENSE</u>

To sustain its burden of proof on a charge of wire fraud, the government must prove each of the following elements beyond a reasonable doubt as to each defendant so charged:

*First*: That a scheme to defraud existed substantially as charged in the indictment;

*Second*: That the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

*Third*: That in furtherance of this scheme, the defendant used or caused the use of interstate or foreign wire communications on or about the date alleged in the indictment.

31. <u>"SCHEME TO DEFRAUD"</u>

The first element of wire fraud is the existence of a scheme to defraud. A "scheme" includes any plan, pattern, or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or entity or by a desire or purpose to cause some loss to some person. It includes a scheme to deprive another of the intangible right of honest services.

Public officials have a duty to act in the public's interest. A scheme to deprive the public

of the honest services of a public official is a scheme intended to cause a public official to act based upon his or her own personal interests rather than for the benefit of the public.

In this case, the indictment charges the existence of a scheme to deprive the citizens of Rhode Island of the honest services of John B. Harwood.

### 32. "KNOWINGLY" AND "WILLFULLY" – DEFINED

The second element of the offense of wire fraud requires proof that the defendant knowingly and willfully participated in the scheme with the intent to defraud.

A defendant acts "knowingly" if he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

As I have previously instructed you, an act is done "willfully" if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids–that is to say, with bad purpose, either to disobey or disregard the law. Thus, if a defendant acted in good faith, he cannot be guilty of the crime alleged.

### 33. "INTENT TO DEFRAUD" – DEFINED

To act with an "intent to defraud" means to act willfully and with the specific intent to deceive or cheat. Thus, a defendant who acted in good faith cannot be guilty of the crime. The burden of proving intent, as with all other elements of the offense, rests with the government.

The government must prove both of the following types of intent beyond a reasonable doubt:

*First*: That the defendant intended to cause the public official to deviate from the honest performance of his public duties; and

*Second*: That the defendant intended to deceive the public.

## 34. INTENT TO DEPRIVE OF HONEST SERVICES

In order to prove an intention on the part of any defendant that John Harwood deviate from the honest performance of his public duties, the government must prove, beyond a reasonable doubt, that the defendant intended the payment to cause John Harwood to alter his official acts, to change a position which he would otherwise have taken, or to take actions that he would not have taken but for the payment.

A defendant is guilty of honest services fraud only if the government proves beyond a reasonable doubt that the defendant intended to influence or otherwise improperly affect John Harwood's performance of his public duties and thereby to deprive the public of John Harwood's honest services.

## 35. INTENT TO DECEIVE

As I have instructed you, in addition to proving that the defendant intended to deprive the public of the honest services of John Harwood, the government must also prove that the defendant intended to deceive the public. A person who intends to bribe a public official, and thus, to deprive the public of the official's honest services, does not necessarily also intend to deceive the public. The government bears the burden of proving beyond a reasonable doubt that the defendant intended to conceal the payment itself from the public or intended to conceal or

misrepresent to the public the nature of the payment.

36. USE OF INTERSTATE WIRE COMMUNICATIONS IN FURTHERANCE OF THE SCHEME

The use of interstate or foreign wire communications in furtherance of the scheme is an essential element of the offense of wire fraud. The use of the wires itself need not be false or fraudulent.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of wire communications facilities in interstate or foreign commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the wire communications facilities in interstate or foreign commerce on or about the date(s) alleged was closely related to the scheme because the defendant either made or caused an interstate or foreign wire communication to be made in an attempt to execute or carry out the scheme. To "cause" an interstate or foreign wire communication to be made is to do an act with knowledge that an interstate or foreign wire communication will follow in the ordinary course of business or where such a communication can reasonably be foreseen.

37. "INTERSTATE OR FOREIGN WIRE COMMUNICATIONS" – DEFINED

"Interstate wire communications" include facsimile communications from one state to another. "Foreign wire communications" include facsimile communications from the United States to another country or from another country to the United States.

38. WIRE FRAUD – DEFENDANT'S RECEIPT OF COMMUNICATION

The indictment alleges that the defendants committed wire fraud by sending or causing the sending of certain interstate or foreign wire transmissions. It does not allege that any defendant committed wire fraud by receiving a wire transmission. Thus, even though the indictment alleges that Nigel Potter was the recipient of some of the facsimiles sent by Daniel Bucci and Lincoln Park, and that Daniel Bucci was the recipient of facsimiles sent by Nigel Potter, you may find a defendant guilty of wire fraud based only upon proof beyond a reasonable doubt that the defendant sent or caused a facsimile to be sent as charged in the indictment and not based on proof that the defendant received a facsimile from anyone.

## PART III: CONSIDERATION OF THE EVIDENCE

### 39. EXHIBITS

Exhibits admitted into evidence by the Court are properly before you, and will be available to you during your deliberations. An exhibit marked by the Court for identification is not evidence in the case unless or until it was admitted by the Court as a full exhibit. If it has not been admitted as a full exhibit, you may not consider it. If it was admitted, however, it is just as much a part of the evidence in the case as the testimony which you have heard from the witness stand.

### 40. STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may accept the stipulation as fact and give it whatever weight you choose.

### 41. REMARKS OF COUNSEL

Remarks, statements, and questions by counsel are not evidence and you are not to consider them as evidence during your deliberations. Neither should you permit objections by counsel to the admission of evidence, or the rulings of the Court, to create any bias or prejudice toward counsel or the party whom he or she represents. It is the duty of counsel for both sides to represent their clients vigorously and to defend their client's rights and interests. In the performance of that duty, counsel freely may make objection to the admission of offered

evidence, or to any other ruling of the Court, and should not be penalized for doing so.

## 42. CONDUCT OF COURT AND COUNSEL

If during trial, or in instructing you, I have said or done anything that has caused you to believe that I was indicating an opinion as to what the facts are in this case, you should put that belief out of your mind. I did not intend to indicate any such opinion. In fact, I try not to have an opinion about the case because you are the sole and exclusive judges of the facts.

In determining the facts, you are to consider only that evidence which has properly been placed before you. It is the Court's duty to pass upon the admissibility of offered evidence, that is, to decide whether or not offered evidence should be considered by you. Evidence admitted by the Court is properly before you for your consideration; evidence which the Court has refused to admit, or may have stricken from the record after you heard it, is not a proper subject for your deliberations and you should not consider it.

## 43. EVIDENCE ADMITTED FOR A LIMITED PURPOSE

In some instances, evidence has been admitted for a limited purpose or against fewer than all defendants. You must consider such evidence only in the manner in which I have instructed you and not for any other purpose.

## PART IV: CREDIBILITY OF WITNESSES

### 44. TESTIMONY OF WITNESSES

The law does not require you to accept or credit the evidence admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and the weight you choose to give to his or her testimony.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in light of other evidence which you believe.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. These statements may be used to impeach the credibility of that witness. It is within your province to assess the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

## PART V: THE DELIBERATIONS AND VERDICT

### 45. UNANIMOUS VERDICT – JURY CONDUCT

To render a verdict, all twelve of you must agree, that is, your verdict must be unanimous.

Therefore, during your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment. It is not required that you yield your view simply because a majority holds to the contrary view, but in pursuing your deliberations, you should keep your minds reasonably open with respect to any point in dispute so that you will not be prevented from achieving a unanimous verdict due to mere stubbornness. It is your right, however, to maintain your view. The vote of each juror is as important as the vote of any other juror, and you need not give up your view, sincerely held, simply because a majority holds to the contrary view.

Do not approach your consideration of the case in an intellectual vacuum. You are not required to disregard your experiences and observations in the ordinary everyday affairs of life. Indeed, your experiences and observations are essential to your exercise of sound judgment and discretion, and it is your right and duty to consider the evidence in light of such experiences and observations. It is hoped and anticipated that you will sift all of the evidence in this case through maturity and common sense.

Of course, you should not permit prejudice, sympathy, or compassion to influence you. All that any party is entitled to, or expects, is a verdict based upon your fair, scrupulous, and conscientious examination of the evidence and an application of the law as I have instructed you to that evidence.

46. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

During your deliberations, if you need further instruction or assistance by the Court in any way, I ask that, through your foreperson, you reduce such requests or questions as you may have to writing. The foreperson may then hand such written request or question to the marshal in whose charge you will be placed. The marshal will bring any written questions or requests to me. I will attempt to fulfill your request or answer your question. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether the accused is guilty or not guilty, until after you have reached a unanimous verdict.

You may now retire with the marshal to enter upon your deliberations. When you have reached a verdict, you will return here and make your verdict known.