UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 03-081ML

NIGEL POTTER;
DANIEL BUCCI; and
BURRILLVILLE RACING ASSOCIATION
a/k/a LINCOLN PARK
a/k/a LINCOLN GREYHOUND PARK,
a/k/a LINCOLN PARK, INC.

# ORDER

This case is before the Court on Defendants' Joint Motion for Appropriate Relief, filed August 5, 2005, the jury's second day of deliberations. In this motion, Defendants object to the following statements made by the prosecutor during his rebuttal argument the day before:

> If something's missing, if something isn't perfect, blame me. The Government's not perfect. I'm not perfect. Maybe it could have been done better. Maybe there could have been something that I could have given you, brought in here. Maybe I could have brought something in that the Court would have allowed in that didn't come in.

(Trial Tr. 73:7-13, Aug. 4, 2005.)

Defendants seek two separate forms of relief. First, Defendants argue that the Court must grant their motions for judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, because these comments "amounted to a concession by the Government in open court that it had not proved its case beyond a reasonable doubt." (Defs.' Mot. at 2.) While the Court doubts that the government intended these comments to represent such a concession, in any event, under Rule 29, it is the Court's determination of the sufficiency of the evidence, and not the government's, that controls. See Fed. R. Crim. P. 29(a). The Court, in a separate

Memorandum and Order dated September 27, 2005, denied Defendants' Rule 29 motions, having found that the government introduced sufficient evidence, when taken in the light most favorable to the government, for a reasonable jury to convict Defendants. Consequently, to the extent that this motion seeks a judgment of acquittal, the motion is denied.

Defendants also argue that the Court must grant a motion for mistrial because the prosecutor's request that the jury blame him for any deficiencies in the evidence constitutes an improper plea for sympathy. The Court addresses this contention in its Memorandum and Order of September 27, 2005, denying Defendants' motions for a new trial. For the reasons stated therein, Defendants' request for a mistrial is denied.

Accordingly, Defendants' Joint Motion for Appropriate Relief is DENIED.

SO ORDERED.

Mary M. Lisi
Mary M. Lisi
United States District Judge
September 27, 2005