**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 03-081ML** |
| | : | |
| **NIGEL POTTER;** | : | |
| **DANIEL BUCCI; and** | : | |
| **BURRILLVILLE RACING ASSOCIATION** | : | |
| **a/k/a LINCOLN PARK** | : | |
| **a/k/a LINCOLN GREYHOUND PARK** | : | |
| **a/k/a LINCOLN PARK, INC.** | : | |

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION**

Defendants have moved the Court to clarify its order denying their motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. In their motion, the defendants again claim that there were errors in the official transcript of the prosecutor's rebuttal closing argument and seek further clarification from the Court concerning the significance of any alleged discrepancy in the official transcript. The Government believes the Court's written opinion on this issue was unmistakably clear and requires no further clarification. As the Court noted, all parties had an opportunity to listen to the official tape recording of the rebuttal argument. This recording, without question, supports the official version of the transcript. (September 27, 2005 Op. at 2-3, f.n. 1) As there is no factual issue left to resolve, there is no need for any clarification from the Court.

On its face, defendants' contention that there was an error in the official transcript is absurd. Defendants contend that the pertinent portion of the transcript should read "that the Court would have allowed, that the Court didn't let come in," rather than what is contained in the official transcript as "that the Court would have allowed in that didn't come in." (Trial. Tr. 72:20-25, Aug. 4, 2005) For defendants to be correct, the official recording would have had to skip over the first use of the word "in," to record correctly the word "that," to skip over the words "the Court," to then correctly record the word "didn't," to then skip over the word "let," and then to correctly record the phrase "come in." While the Government does not question the integrity of defense counsel concerning what they believe they heard during rebuttal argument, the fact remains that it would be virtually impossible for the recording to be faulty in the manner suggested by defense counsel.[1]

In any event, all parties were granted an opportunity to listen to the official recording of the pertinent portion of the

---

[1] The Government has no objection to the second aspect of defendants' motion for clarification, concerning the grand jury testimony of Marc Elliott. Given Mr. Elliott's grand jury testimony concerning the reason why he posed the particular question he did at the June 20, 2000 meeting, the Government is once again surprised that the defendants are pressing a bad faith argument. If the defendants proceed in this claim, the Government would have no objection to the Court clarifying for the record the portion of Mr. Elliott's grand jury testimony it relied upon in finding a lack of bad faith on the part of the Government.

rebuttal argument. This recording coincides perfectly with the official transcript. There is simply no factual issue that requires further clarification from the Court.[2]

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Assistant U.S. Attorney

Dated: October 12, 2005

---

[2] Even assuming *arguendo* that the official transcript was incorrect in the manner suggested by the defendants, that discrepancy would be immaterial to the Court's denial of the new trial motion. As the Court held in its written opinion, there is no reason to believe that these isolated remarks during rebuttal "probably . . . affected the outcome of the trial." (Op. at 11, *citing United States v. Laboy-Delgado*, 84 F.3d 22, 29 (1st Cir. 1996). In so ruling, the Court noted, among other factors, the overall context of these remarks, the Court's curative instruction and the split verdict returned by the jury. Therefore, even if, despite logic and common sense, the official recording were erroneous in the manner described by the defendants, defendants' motion for a new trial should still be denied.

**CERTIFICATE OF SERVICE**

I, [signature], hereby certify that on this 12th day of October 2005, I served by hand a copy of the within Government's Memorandum in Opposition to Defendant's Motion For Supplemental Jury Instruction on the following counsel of record:

John Tarantino, Esquire
Adler Pollock & Sheehan
2300 Financial Plaza
Providence, Rhode Island 02903

C. Leonard O'Brien, Esquire
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Anthony M. Traini, Esq.
56 Pine Street - Suite 2
Providence, RI 02903