**ANTHONY M. TRAINI, P.C.**
**ATTORNEY AT LAW**

56 PINE STREET • PROVIDENCE, RI 02903 TELEPHONE (401) 621-4700 • FAX (401) 621-5888
E-MAIL: amt@atrainilaw.com

October 24, 2005

***Via Hand Delivery***

The Honorable Mary M. Lisi
United States District Court
for the District of Rhode Island
John O. Pastore Federal Building
Providence, RI 02903

***Re: USA v. Potter and Bucci CR 03-081ML (Superseding)***

Dear Judge Lisi:

On behalf of our respective clients, we write to you in the hope that this communication will make the sentencing process on October 28 proceed as smoothly as possible. Since we know that there are certain issues that will arise at sentencing, it made some sense to us to flag them for the Court and provide adequate time in advance for the Court to consider our requests.

First, although we cannot formally file Notices of Appeal until the defendants are actually sentenced, we can safely say that regardless of the sentences imposed, Notices of Appeal will be filed and we will have them available in Court on the day of sentencing. Likewise, without conceding that the defendants will receive any particular sentences, we are aware of the guideline calculations prepared by the Probation Department, and although we do not presume to know what the Court intends to do, we do know that if terms of imprisonment are imposed, we will be requesting, in the first instance, that the Court allow the defendants to remain free on bond pending their appeals.

Further, should the Court exercise its discretion to deny bail pending appeal, we will ask the Court to consider granting us a stay of execution of approximately 60 days to enable us to take our request for bail pending appeal to the First Circuit. This request, while not made frequently, is not unheard of in the District, and was in fact granted by Judge Torres in the Cianci case.

Second, we have a particular sentencing issue we would ask the Court to consider in advance of the 28th, which relates to the designation process employed by the Bureau of Prisons (BOP). As the Court may be aware, the BOP uses a numerical scoring system to make its initial institution

designations. In the case of both these defendants, those scores will be significantly affected by whether or not the defendants are allowed to self-surrender to the institutions ultimately designated. While we are aware that the ordinary practice in this Court is that when self-surrender is allowed, the Court sets a date certain for the defendant to surrender, this process itself also affects the designation process. In that regard, we have been advised and have discovered in our BOP research that a thorough designation determination cannot always be made in the three to four week period the Court usually allows when setting a surrender date. We also are aware from our inquiries that the BOP generally designates, if possible, the institution closest to the defendant's residence that simultaneously fits within the appropriate classification level for the respective defendant according to the numerical score [in accordance with U.S. BOP Program Statement 5100.07 (PS 5100.07), Chapter 3, Page 3]. This preference may not be automatically applied where the defendant is not a United States citizen unless the judgment identifies the place of conviction as the defendant's legal address during his incarceration. Both defendants will be requesting, pursuant to F.R.Crim.P. 38(b), that the Court recommend as their designated institution the Federal Prison Camp at Devens, Massachusetts (F.P.C. Devens), as this is the institution closest to the place of trial and appeal, as well as to their respective counsel, in order to allow them to participate in the preparation of their appeals. We have been able to determine that if the defendants are allowed to self-surrender, their resulting numerical scores will qualify them for the custody level provided by this facility and, as to Mr. Bucci, will place him as close to his family's residence as possible (within 500 miles), and as to Mr. Potter, will place him as close to the nearest and most convenient U.S. embarkation point for his family (using Rhode Island as Mr. Potter's legal U.S. residence for purposes of sentencing), (in accordance with PS 5100.07, Chapter 3, Page 3).

Based on the information we have been able to obtain, we are requesting (if self-surrender is allowed) that the Court, rather than set a date certain for the surrender[1], set a control date by which we can report to the Court as to the status of the designation process within the Bureau of Prisons. The defendants could thereby receive the most accurate initial designation determination by the BOP, thus increasing the likelihood that they will be designated to F.P.C. Devens and be able to commence serving their sentences there. This would avoid the possibility that the defendants could otherwise qualify for designation to this facility but be sent somewhere else because of the unavailability of space, and then be required to engage in the extremely difficult and time-consuming transfer process.

[1]The BOP acknowledges that the Court may provide for voluntary surrender but without setting a specific surrender date (PS 5100.07, Chapter 5, Page 13).

Self-surrender is particularly important for Mr. Potter because of the interplay between the BOP and the Immigration and Naturalization Service (INS). As soon as Mr. Potter is held, the INS will lodge a detainer which in turn will increase the "score" the BOP uses to determine the level of security required. Self-surrender lowers the score, and an INS detainer increases it. If Mr. Potter is held before the BOP makes its designation, he will be penalized twice: he will not obtain the benefit of self-surrender and he will receive the detriment of an INS detainer. Since the designation issue raised here is obviously relevant only in the event of the imposition of incarcerative sentences, the Court's favorable consideration of our request for a brief stay to take our bail pending appeal requests to the Circuit Court would, coincidentally, likely resolve the designation issue as well.

Mr. Potter's status as a UK national creates a further issue. He will automatically be considered a "deportable alien." As such, he will receive a public safety factor (PSF) from the BOP which will preclude housing in a minimum security facility, even if he is otherwise qualified to be there. A PSF, however, can be waived by a regional director of the BOP, based upon the information contained in the PSR and on a judicial recommendation. Mr. Potter, therefore, will ask this Court to recommend waiving the PSF on the ground that he does not represent a threat to the public or a flight risk, given the totality of his personal circumstances.

We hope that by raising these issues prior to the sentencing, the Court may have an adequate opportunity to consider them, and to make consultation with the Probation Department easier than if we were to raise them in Court on the 28th. We thank you in advance for your consideration of our requests.

Respectfully,

Anthony M. Traini on behalf of Daniel Bucci

C. Leonard O'Brien (AMT)
C. Leonard O'Brien on behalf of Nigel Potter

cc (all via hand delivery): Mr. Dennis Jenkins, Supervising U.S. Probation Officer
Assistant United States Attorney Lee H. Vilker
John A. Tarantino, Esq.
Ms. Patricia K. Rocha, Attorney at Law